UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JEFFREY CHICK,

                       Plaintiff,              MEMORANDUM AND ORDER

    -against-                        CV 11-2855 (LDW) (WDW)

COUNTY OF SUFFOLK, *et al.*,

                       Defendants.
-----------------------------------------------------X

Wexler, J.

       Plaintiff Jeffrey Chick brings this action against defendants County of Suffolk (the

"County"), the County's Department of Public Works ("DPW"), DPW Deputy

Commissioner Louis Calderone ("Calderone"), DPW Director George Schmidt

("Schmidt"), DPW Assistant Director Kevin Spence ("Spence"), and DPW custodial

workers Mark Patrizo ("Patrizo") and James Morrero ("Morrero") under 42 U.S.C.

§ 1983, claiming that he was terminated from his position as a custodial worker in the

DPW due to discrimination and hostile work environment based on religion and

disability.[1]  Upon dismissal of the original complaint without prejudice, Chick filed an

amended complaint.  Defendants now move to dismiss the amended complaint under

Federal Rule of Civil Procedure 12(b)(1) and (6).  Chick opposes the motion.

---

[1]Chick also named as defendants his union, the Association of Municipal Employees, and
the union's first vice president, Daniel Farrell, but he has since dismissed the action as to them.

# I. BACKGROUND

For purposes of this decision, the allegations of the amended complaint may be summarized as follows. Chick was hired as a custodial worker in the DPW in June 2000. Chick received excellent performance evaluations every year. However, in or about June 2009, Chick faced misconduct charges for absence without authorization and for not working a full day but getting a full salary. As a result, Chick was suspended for 30 days from July 14, 2009 to August 13, 2009.

On or about July 22, 2009, Chick requested a waiver of the County's residency requirement, *i.e.*, that a County employee reside in the County, from the County's personnel office, as he had moved outside of the County. According to Chick, he gave the following reasons for his waiver request: (1) financial distress, explaining that he relocated to live with his girlfriend because he was unable to afford rent and utility payments; and (2) medical issues, explaining that living with his girlfriend enabled him to address his specific medical needs. Nevertheless, by letter dated August 18, 2009, Deputy Commissioner Calderone advised Chick that the County personnel officer denied the waiver request, and Calderone directed Chick to comply with the residency requirement within 30 days.

In response, Chick gave "sick leave notes" to Director Schmidt and Assistant Director Spence, and mailed those notes to the County's head of personnel, Mary Jane Walker. In this respect, by letter dated August 25, 2009, a Dr. Terrano stated that Chick

should be allowed six weeks off for health problems, and by another letter, a Dr.

Zuckerman stated that Chick was temporarily disabled until November 1, 2009. Chick

adds that he submitted an earlier letter by Dr. Terrano, dated July 13, 2009, stating that

Chick should have medical leave.

By letter dated September 24, 2009, Calderone advised Chick that he was

terminated because he failed to provide documentation and proof of residency.

According to Chick, he was terminated during his sick leave, at which time the County

was aware that his health problems included: (1) a pinched nerve; (2) three herniated

disks; (3) a ruptured sciatica; and (4) neuropathy. Although, it is not clear whether the

"sick leave notes" gave these specifics, it reasonably may be inferred that they did. Chick

also alleges that he had gall bladder surgery in 2002 and wrist surgery in 2003, and that

Patrizo, a supervisor, knew about his health problems, as did a co-worker named Lou

Rodriguez.

Chick further alleges that he suffered harassment because he is Jewish. In this

respect, he alleges that in 2002, co-worker Morrero called him a "Ju-Ju Bee," and that at

some later unspecified date, Patrizo, responded to his request for a vacation by stating,

"Ju wants to go on vacation." In addition to these comments, Chick alleges, in

conclusory fashion, that "he was the severe object of Religious Discrimination based on

his Jewish faith and was singled out for discrimination, unfair treatment, harassment and

his eventual termination based on his Jewish faith and national origin." He also alleges

that he was "harassed constantly" and that when he returned to work after his 30-day

suspension ended on August 13, 2009, he was relocated in his job and eventually

terminated on September 24, 2009.

On June 3, 2010, the charges upon which Chick received the 30-day suspension

were upheld.

Chick asserts claims for discriminatory discharge and hostile work environment

based on religion and disability.  Defendants move to dismiss all of the claims.


II. <u>DISCUSSION</u>

A.  <u>Motion to Dismiss Standard</u>

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held

that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for

relief that is plausible on its face."  *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662,

678-80 (2009).  While heightened factual pleading is not required, *Twombly* holds that a

"formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550

U.S. at 555.  On a motion to dismiss, the court must, as always, assume that all allegations

in the complaint are true and draw all reasonable inferences in favor of the nonmoving

party.  *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011).  However,

the court must ensure that the complaint sets forth "enough facts to state a claim to relief

that is plausible on its face."  *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town*

*of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010). A pleading that does nothing more than

recite the elements of a claim, supported by mere conclusory statements, is insufficient to

"unlock the doors of discovery." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that

states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

B. Analysis of Claims

1. Religious Discrimination

To state a claim for discriminatory discharge based on religion under § 1983, a

plaintiff must plead that (1) he is a member of a protected class; (2) he is competent to

perform the job or is performing his duties satisfactorily; (3) he was discharged; and

(4) the discharge occurred under circumstances giving rise to an inference of

discrimination based on his membership in the protected class. *See Zacharowicz v.

Nassau Health Care Corp.*, 177 Fed. Appx. 152, 154 (2d Cir. 2006) (summary order); *see

also Ruiz v. County of Rockland*, 609 F.3d 486, 491-92 (2010) (discriminatory discharge

claims under § 1983 analyzed under essentially same standard as Title VII claims). To

support a claim, the alleged discrimination must have occurred "because of" a protected

characteristic. *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (internal quotation

marks omitted). Moreover, "[t]he plaintiff's claim must offer more than conclusory

statements; the complaint must contain factual allegations supporting the plausible

inference that the employer discriminated against the plaintiff because of the plaintiff's

protected characteristic." *Edwards v. New York State Unified Court Sys.*, No. 12 Civ. 46

(WHP), 2012 WL 6101984, at *4 (S.D.N.Y. Nov. 20, 2012) (citing *Alvarez v. Rosa*, No. 11 Civ. 3818 (KBF), 2012 WL 651630, at *4 (S.D.N.Y. Feb. 28, 2012)).

Upon consideration, the Court finds that the allegations are not sufficient to state a claim that Chick was terminated due to discrimination based on religion. The amended complaint fails to contain sufficient factual allegations supporting a plausible inference that Chick was terminated "because of" his Jewish faith. Indeed, one alleged incident is too remote (co-worker Morrero's 2002 comment) and the other (Supervisor Patrizo's comment) was made on some unspecified date. Neither co-worker Morrero's 2002 comment nor Supervisor Patrizo's comment at an unspecified date appears to have a sufficient causal nexus, if any, to Chick's termination. The remaining allegations are nothing more than conclusory statements of discrimination; as such, they are insufficient to support the claim. Accordingly, the religious discrimination claim is dismissed.

2. Disability Discrimination

As for discriminatory discharge based on disability, this claim is insufficient as a matter of law (1) because disability and/or perceived disability are not protected classifications under the Equal Protection Clause, *see, e.g., O'Leary v. Town of Huntington*, No. 11-CV-3754 (JFB) (GRB), 2012 WL 3842567, at *13 n.10 (E.D.N.Y. Sept. 5, 2012) ("As an initial matter, the Court agrees with defendants that disability and/or perceived disability are not suspect or quasi-suspect classifications." (citing cases)); and (2) because a public employee, such as Chick, cannot assert a "class of one"

claim, *see Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 606-07 (2008) (concluding

that "class-of-one theory of equal protection has no application in the public employment

context").  Moreover, to the extent that Chick claims discrimination in the failure to

provided him a reasonable accommodation for his alleged health problems, the Equal

Protection Clause does not provide the basis for such a claim.  *See Board of Trs. of Univ.*

*of Alabama v. Garrett*, 531 U.S. 356, 368 (2001) ("If special accommodations for the

disabled are to be required, they have to come from positive law and not through the

Equal Protection Clause.").  Accordingly, the disability discrimination claim is dismissed.

3.  Hostile Work Environment

To state a hostile work environment claim under § 1983, a plaintiff must

sufficiently allege " '(1) that [his] workplace was permeated with discriminatory

intimidation that was sufficiently severe or pervasive to alter the conditions of [his] work

environment, and (2) that a specific basis exists for imputing the conduct that created the

hostile environment to the employer.' " *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d

Cir. 1997) (quoting *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 715 (2d Cir.

1996)); *Patterson v. County of Oneida*, 375 F.3d 206, 225-26 (2d Cir. 2004) (observing

that standard for hostile work environment claim  under § 1983 is essentially same as

under Title VII).  Thus, "[f]or racist comments, slurs and jokes to constitute a hostile

work environment, there must be more than a few isolated incidents of racial enmity,

meaning that [i]nstead of sporadic racial slurs, there must be a steady barrage of

opprobrious racial comments." *Id.* (citations and internal quotation marks omitted). The same can be said for hostile work environment claims based on other protected characteristics, such as religion. Moreover, "[i]t is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through [other means], is actionable . . . only when it occurs because of an employee's . . . protected characteristic," *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001), such as religion.

Upon consideration, the Court finds that the allegations are not sufficient to state a hostile work environment claim based on religion, as the incidents alleged are not sufficient to show a "severe or pervasive" hostile work environment. Indeed, Chick alleges at most only two isolated or remote incidents (co-worker Morrero's 2002 comment and Supervisor Patrizo's comment on some unspecified date), while the remaining allegations of discriminatory harassment are nothing more than conclusory statements. Similarly, even if the Equal Protection Clause provides a basis for a hostile work environment claim based on disability, the allegations clearly do not allege a "severe or pervasive" hostile work environment based on disability. Accordingly, the hostile work environment claim is dismissed.

4. Municipal Liability

To state a claim against the County for discrimination under § 1983, a plaintiff must allege that the harm suffered resulted from a municipal policy or custom. *See Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 128 (2d Cir. 2004);

*Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992).  The amended complaint is insufficient to support municipal liability as it fails to allege that the decision to terminate Chick was based on a County policy or custom of discrimination against one of Jewish faith or disability.

### III.  <u>CONCLUSION</u>

For the above reasons, defendants' motion to dismiss is granted and the amended complaint is dismissed with prejudice.  The Clerk of Court is directed to enter judgment for defendants and to close the file.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        February 22, 2013